IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RAJARES DEVON WARD,** ] | |
| ] | |
| Movant, ] | |
| ] | |
| v. ] | Case No.: 2:20-08010-ACA |
| ] | |
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| Respondent. ] | |

### MEMORANDUM OPINION

On March 20, 2020, Movant Rajares Devon Ward filed a 28 U.S.C. § 2255 motion to vacate sentence, asserting that he received ineffective assistance of counsel in connection with his guilty plea. (Doc. 1). The court **WILL DENY** the § 2255 motion because Mr. Ward cannot establish that counsel performed deficiently or that any deficient performance prejudiced him. In addition, the court **WILL DENY** a certificate of appealability.

   I.   **BACKGROUND**

In August 2018, a grand jury indicted Mr. Ward on charges of possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); using or carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). *United States v.*

*Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 1 (N.D. Ala. Aug. 29, 2018). Mr. Ward pleaded guilty to all counts pursuant to a plea agreement. *Id.*, Doc. 15 (N.D. Ala. Oct. 29, 2018), Doc. 22 (N.D. Ala. Apr. 13, 2020). In exchange for Mr. Ward's guilty plea, the government agreed to recommend a reduction to his offense level for acceptance of responsibility, and to recommend a sentence at the bottom of the advisory guidelines range. *Id.*, Doc. 15 at 6.

At the change of plea hearing, the court described the charges and the elements of each charge, and confirmed with Mr. Ward that he understood what the government would be required to prove if he went to trial. *Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 22 at 9–12. Mr. Ward stipulated to the factual basis described in his plea agreement. *Id.* at 13. The factual basis provided that Hueytown Police Department officers conducting a vehicle safety checkpoint smelled marijuana coming from Mr. Ward's car and found several bags of varying amounts of marijuana and a digital scale. *Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 15 at 3–4. A pat down of Mr. Ward revealed a loaded handgun that Mr. Ward said he had bought off the street. *Id.* at 4. The firearm had been made in Turkey. *Id.* at 5. At booking, officers found $1,568 in cash on Mr. Ward, who told them that he was unemployed. *Id.* at 4–5. Mr. Ward had previously been convicted of felony possession of marijuana. *Id.* at 5.

At the change of plea hearing, Mr. Ward confirmed that he had signed the plea agreement's description of the factual basis. *Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 22 at 14. After conducting the plea colloquy, the court found that Mr. Ward's decision to plead guilty was knowing, voluntary, and supported by the factual basis. *Id.* at 18–19. The court therefore accepted his guilty plea. *Id.* at 17–19.

Mr. Ward faced a maximum sentence of five years for Count One, *see* 21 U.S.C. § 841(b)(1)(D), a range of five years to life for Count Two, which had to run consecutive to the sentence for Count One, *see* 18 U.S.C. § 924(c)(1)(A)(i), and a maximum sentence of ten years for Count Three, *see* 18 U.S.C. § 924(a)(2); *see also Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 15 at 2, Doc. 18 at 1–2 (sealed). The advisory guidelines range was 27 to 34 months' imprisonment, to be followed by the mandatory consecutive sentence for Count Two. *Id.*, Doc. 18 at 17 (sealed). Consistent with the recommendation made in the plea agreement, the court sentenced Mr. Ward to the low end of the guidelines range—concurrent 27-month sentences for Counts One and Three, and a consecutive 60-month sentence for Count Two, for a total sentence of 87 months. *Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 20 (N.D. Ala. Apr. 26, 2019). Mr. Ward did not appeal.

## II.    DISCUSSION

In his § 2255 motion, Mr. Ward asserts that he received ineffective assistance of counsel in connection with his guilty plea because counsel did not adequately advise him that (1) the government lacked sufficient evidence to sustain a conviction and (2) Alabama state drug and gun laws preempt federal gun and drug laws.  (Doc. 1 at 4–5).

To prevail on an ineffective assistance of counsel claim, a movant must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A movant can demonstrate deficient performance only if his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688.  To establish prejudice in the context of a guilty plea, a movant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Ward cannot establish either prong of the *Strickland* test.  First, neither the record nor Mr. Ward's allegations, taken as true, show any deficiency on counsel's part.  Mr. Ward's contention that counsel performed deficiently arises from his belief that he faced state drug and firearm offenses, which were removed to federal court under 28 U.S.C. § 1455(a), and that there was insufficient evidence

4

to support those state charges. (Doc. 1 at 5; Doc. 9 at 4–8). But Mr. Ward's belief is wrong. The record establishes that a federal grand jury indicted him on the federal charges at issue in this case, and Mr. Ward pleaded guilty to those federal offenses. *See Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Docs. 1, 15, 20, 22. Moreover, as the court found at the change of plea hearing, the facts that Mr. Ward stipulated to in the plea agreement are sufficient to establish every element of the federal offenses to which he pleaded guilty. *See Ward*, Doc. 15 at 3–5; *id.*, Doc. 22 at 13–14, 18–19. Whether the State could prove that Mr. Ward violated state law based on the same conduct is irrelevant. Mr. Ward cannot establish deficient performance based on counsel's failure to advise Mr. Ward about the evidence required to prove state law drug and gun charges that were not at issue in his federal criminal case.

Mr. Ward also argues that counsel should have advised him that, under 21 U.S.C. § 903 and 18 U.S.C. § 927, Alabama drug and gun law preempts federal law. (Doc. 1 at 5). But § 903 and § 927 do not allow state law to preempt federal law; to the contrary, those sections provide only that the Controlled Substances Act and the Federal Gun Control Act do not preempt state criminal law unless the federal and state law conflict in such a way that "the two cannot consistently stand together." 21 U.S.C. § 903, *see* 18 U.S.C. § 927 (using slightly different language). Counsel cannot perform deficiently by failing to advise Mr. Ward that § 903 and § 927 permit state gun and drug laws to preempt federal gun and drug laws. *Cf. Denson v. United*

*States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance.").

Even if counsel did perform deficiently, Mr. Ward cannot establish that any deficiency prejudiced him.  A movant alleging ineffective assistance in connection with his decision to plead guilty cannot rely on conclusory allegations to establish prejudice.  *See Hill*, 474 at 60.  Here, Mr. Ward has not made even a conclusory allegation of prejudice: he has not alleged that, had counsel given him different advice, he would have rejected the plea agreement, pleaded not guilty, and proceeded to trial.  *See Hill*, 474 U.S. at 59.

But even if he had stated that he would have rejected the plea agreement and proceeded to trial, Mr. Ward would have to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see also Diveroli v. United States*, 803 F.3d 1258, 1265 (11th Cir. 2015).  He has not done so.  Mr. Ward faced a potential life sentence, and the plea agreement bound the government to recommend that he receive an acceptance of responsibility reduction to his offense level and a sentence at the bottom of the advisory guidelines range.  *Ward*, case no. 2:18-cr-00405-ACA-JEO-1, Doc. 15 at 6.  Mr. Ward has not challenged any of the facts to which he stipulated, which, as the court has stated, clearly suffice to establish his guilt on all charges.  He has presented no defenses that he could have asserted at trial.  In short,

6

he has not alleged any facts that would show a rational basis to reject the plea bargain. He therefore cannot establish prejudice from his attorney's purportedly deficient advice. *See Diveroli*, 803 F.3d at 1265.

Because Mr. Ward has not alleged facts that would establish either deficient performance or prejudice, he is not entitled to relief under § 2255. The court **WILL DENY** his § 2255 motion. Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Cases. The court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Ward's claims do not satisfy either standard. The court **WILL DENY** a certificate of appealability.

### III. CONCLUSION

The court **WILL DENY** Mr. Ward's § 2255 motion. The court **WILL DENY** Mr. Ward a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 14, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE